United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
John Richards Homes Building Co., LLC,  Case No. 02-54689
        Alleged Debtor,  Chapter 7
        (Dismissed).
_____/

Opinion Regarding Motions Related to Garnishee Defendants

These matters are before the Court following lengthy judicial proceedings in Michigan and Florida. The proceedings began on June 24, 2002 when Kevin Adell filed an involuntary bankruptcy petition against John Richards Homes Building Co., LLC. On July 18, 2002, the Court dismissed the involuntary petition as a bad faith filing. On April 25, 2003, the Court awarded punitive damages and attorney fees to JRH. *See In re John Richards Homes Bldg. Co., LLC*, 291 B.R. 727 (Bankr. E.D. Mich. 2003), *aff'd*, 439 F.3d 248 (6th Cir. 2006).

JRH's attempts to collect the judgment spurred a flurry of litigation. JRH served garnishments on Kevin Adell's employers, STN.com and Adell Broadcasting Corp. On May 23, 2003, Adell Broadcasting and STN.com filed garnishee disclosures. JRH asserts that these garnishee disclosures were false and it now seeks judgments against each of the employers pursuant to MCL § 600.4051. That section provides:

> Any person summoned as a garnishee or any officer, agent, or other person who appears and answers for a corporation summoned as a garnishee, who knowingly and wilfully answers falsely upon his disclosure or examination on oath is liable to the plaintiff in garnishment, or to his executors or administrators, to pay out of his own goods and estate the full amount due on the judgment recovered with interest, to be recovered in a civil action.

MCL § 600.4051.

STN.com and Adell Broadcasting filed motions to dismiss asserting that the Court lacks jurisdiction over JRH's claims.

While the garnishment matters were pending, Kevin Adell filed a bankruptcy petition in Florida. This Court determined that the Florida bankruptcy proceedings stayed all of the Michigan actions. The Florida bankruptcy proved to be as litigious as the Michigan proceedings. After more than two years, Adell's Florida bankruptcy was dismissed as a bad faith filing.

Following the dismissal of the Florida bankruptcy, JRH, Adell Broadcasting and STN.com all filed renewed motions with this Court regarding the garnishment proceedings. The Court scheduled a hearing on these matters for March 2, 2006. At the March 2, 2006, hearing, Kevin Adell's counsel appeared and informed the Court that Kevin Adell was prepared to pay the judgment to the Court's registry for disbursement. Kevin Adell paid the judgment on April 3, 2006.

Currently before the Court are: JRH's motion for judgment against Adell Broadcasting Corp., garnishee defendant (docket no. 480); JRH's motion for judgment against STN.com, garnishee defendant (docket no. 483); JRH's motion to enforce judgment (docket no. 773, requesting the same relief as docket nos. 480 & 483); and Adell Broadcasting & STN.com's motion to dismiss motions (docket nos. 480 & 483) due to lack of subject matter jurisdiction (docket no. 760). For the reasons stated below, the Court concludes that all of these motions should be denied.

I.

Adell Broadcasting and STN.com assert that the Court does not have jurisdiction over the motions for judgment. Adell Broadcasting and STN.com cite *Hudson v. Coleman*, 347 F.3d 138 (6th

2

Cir. 2003), for the well-established proposition "that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute . . . which is not to be expanded by judicial decree." *Id.* at 141 (citations omitted). JRH asserts that the Court has ancillary enforcement jurisdiction to enforce the judgment.

The Supreme Court has recognized that a federal court may exercise ancillary jurisdiction "'to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees.'" *Peacock v. Thomas*, 516 U.S. 349, 354, 116 S. Ct. 862, 867 (1996) (*quoting Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-380, 114 S. Ct. 1673, 1676 (1994) (citations omitted)). The Supreme Court cautioned, however:

> Our recognition of these supplementary proceedings has not, however, extended beyond attempts to execute, or to guarantee eventual executability of, a federal judgment. We have never authorized the exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment.

*Id.*, 516 U.S. at 357, 116 S. Ct. at 868.

> In determining the reach of the federal courts' ancillary jurisdiction, we have cautioned against the exercise of jurisdiction over proceedings that are "'entirely new and original,'" *Krippendorf v. Hyde*, supra, at 285, 4 S. Ct., at 31 (*quoting Minnesota Co. v. St. Paul Co.*, 2 Wall. 609, 633, 17 L. Ed. 886 (1865)), or where "the relief [sought is] of a different kind or on a different principle" than that of the prior decree. *Dugas v. American Surety Co.*, 300 U.S. 414, 428, 57 S. Ct. 515, 521, 81 L. Ed. 720 (1937).

*Id.* at 358, 116 S. Ct. at 869.

Adell Broadcasting and STN.com argue that JRH's claims against them under MCL

3

02-54689-mar    Doc 977    Filed 08/08/06    Entered 08/09/06 08:21:56    Page 3 of 7

§ 600.4051 are an attempt to impose liability on new parties under a new theory and therefore are not within the federal courts' ancillary jurisdiction as limited by *Peacock* and *Hudson*.

There is one important distinction between the present case and the *Peacock* and *Hudson* cases. In *Peacock* and *Hudson*, nothing in the facts presented indicated that the garnishee defendants committed any fraud upon the courts in those cases. In *Peacock*, the plaintiff attempted to impose liability upon a new party by arguing that the corporate veil should be pierced. In *Hudson*, the plaintiff attempted to impose liability on the garnishee defendant due to an indemnification agreement. These were thus both independent grounds for liability, existing simultaneously with the plaintiffs' claims against the original defendants.

In the present case, JRH attempts to impose liability upon Adell Broadcasting and STN.com due to false garnishee disclosure statements, the liability for which would arise, if at all, from the garnishee defendants' misconduct in this Court. The underlying basis for imposing liability against Adell Broadcasting and STN.com is their fraud on this Court.

Federal Rule of Civil Procedure 69 provides in pertinent part:

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

Accordingly, JRH's garnishment proceedings are effectuated pursuant to Michigan law, but the garnishments were issued based on authority of this Court's judgment and the garnishee defendants filed their disclosures in this Court. If the garnishee defendants had simply not answered the garnishments, it is clear that under MCR 3.101(S)(1), the Court would have entered judgments

against them[1] and would have had the subject matter jurisdiction to do so. *See, e.g., First Tenn. Bank. Nat'l Assoc. v. Warner (In re Warner)*, 191 B.R. 705 (Bankr. W.D. Tenn. 1996). *See also McMahan & Co. v. PO Folks, Inc.*, 206 F.3d 627, 633, 2000 Fed.App. 0083P (6th Cir. 2000) (holding that a garnishee defendant has "an independent duty to refrain from conduct that would obstruct enforcement of the judgment."). The Court concludes that when a garnishee defendant files a false garnishment disclosure, both Rule 69 and the Court's inherent authority permit it to respond under MCL § 600.4051. A federal court's subject matter jurisdiction simply cannot be so limited that it is required to rely on a state court to address a false statement made during its own processes. Accordingly, the Court holds that it has jurisdiction over JRH's claims.

II.

This Court previously found that Adell Broadcasting and STN.com participated in a scheme to evade the judgment and that the scheme included filing false garnishee disclosures. *See In re John Richards Homes Bldg. Co., LLC*, 298 B.R. 591, 608 (Bankr. E.D. Mich. 2003). Accordingly, JRH asserts that under MCL § 600.4051, Adell Broadcasting and STN.com are each liable for the full amount of the judgment against Kevin Adell, $6,413,230.68, plus interest. If sustained, JRH could potentially recover a total of $19,239,692.04, plus interest.

Adell Broadcasting and STN.com make several arguments in support of their position that they are not liable for the judgment. However because one of these arguments is dispositive, the others will not be addressed. Adell Broadcasting and STN.com argue that they are not liable because

---

1. MCR 3.101(S)(1) provides, "If the garnishee fails to disclose or do a required act within the time limit imposed, a default may be taken as in other civil actions. A default judgment against a garnishee may not exceed the amount of the garnishee's liability as provided in subrule (G)(2)."

5

Kevin Adell has paid the judgment in full and there is no longer any amount due on the judgment. JRH counters that the statute imposes liability for the full amount of the underlying judgment regardless of any recovery it may have already received.

Neither the Court nor the parties have found any case law interpreting MCL § 600.4051. However, the Court is guided by *Lyons v. Jim Moceri & Son, Inc.*, 2006 WL 657133 (Mich. App. March 16, 2006). In this unpublished decision from the Michigan Court of Appeals, the garnishor filed three writs of garnishment against a corporate employer. The garnishor moved for summary disposition, arguing that the garnishee defendant filed disclosures that were "patently false" and requesting judgment against the garnishee defendant for the full amount of the underlying judgment. The Wayne Circuit Court granted the motion. However, the court only entered a judgment in the amount that the garnishee defendant had falsely claimed it had paid in satisfaction of a higher priority (minus a credit for amounts actually paid) rather than the full judgment. The Michigan Court of Appeals affirmed. Although the case does not directly address MCL § 600.4051, it does indicate how the Michigan courts deal with issues of false garnishee disclosures pursuant to the Michigan Court Rules.

Michigan Court Rule 3.101 provides the rules for garnishment after judgment. MCR 3.101(G)(2) addresses the liability of the garnishee and specifically provides, "The garnishee is liable for no more than the amount of the unpaid judgment, interest and costs as stated in the verified statement requesting the writ of garnishment." Additionally, MCR 3.101(O)(1) provides, "A money judgment against the garnishee may not be entered in an amount greater than the amount of the unpaid judgment, interest, and costs as stated in the verified statement requesting the writ of garnishment." MCR 3.101(O)(7) provides, "Satisfaction of all or part of the judgment against the

6

garnishee constitutes satisfaction of a judgment to the same extent against the defendant."

These court rules strongly suggest that the Michigan courts accept the general rule of "one satisfaction." *See Grace v. Grace*, 655 N.W.2d 595, 602 (Mich. App. 2002) ("Generally, under Michigan law, only one recovery is allowed for an injury."). Further, these rules undermine JRH's argument that MCL § 600.4051 intends to impose full liability for the judgment on the garnishee defendant that is separate from the defendant's liability.

The Court holds that it is a better reading of the statute that a garnishee defendant that files a false disclosure is liable only for the remaining balance due on the underlying judgment. Accordingly, because Adell has since paid the judgment and there is no balance, Adell Broadcasting and STN.com have no further liability to JRH.

The Court will enter appropriate orders denying JRH's motion for judgment against Adell Broadcasting Corp., garnishee defendant (docket no. 480); JRH's motion for judgment against STN.com, garnishee defendant (docket no. 483); JRH's motion to enforce judgment (docket no. 773, requesting the same relief as docket nos. 480 & 483); and Adell Broadcasting & STN.com's motion to dismiss motions (docket nos. 480& 483) due to lack of subject matter jurisdiction (docket no. 760).

For Publication

**Entered: August 08, 2006**

                                                                      /s/ Steven Rhodes
                                                                      **Steven Rhodes**
                                                                        **Chief Bankruptcy Judge**