United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
John Richards Homes Building Co., L.L.C.,　　　　　　　　　　　Case No. 02-54689-R
　　　　　　Debtor.　　　　　　　　　　　　　　　　　　　　　Chapter 7
_____/

Opinion Regarding John Richards Homes Building Co., LLC's Motion for
Assessment of Additional Punitive Damages Based on Post-Award Conduct

JRH filed this motion for the assessment of additional punitive damages against Kevin Adell based on Adell's conduct following the entry of the April 25, 2003 judgment in JRH's favor in the amount of $6,413,000. Adell filed an objection to the motion. The Court conducted a hearing on July 10, 2006, and took the matter under advisement.

I.

JRH seeks additional punitive damages pursuant to the inherent federal common-law power of the Court. JRH relies on *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123 (1991), in support. JRH also argues that the Court has authority to award punitive damages under § 105.

Adell asserts that the Court does not have jurisdiction to award additional punitive damages because the case was dismissed. Adell further argues that, if considered a motion for contempt, the request for punitive damages should be denied because JRH has not established a case for either criminal or civil contempt. Adell also contends that 11 U.S.C. § 105 confers no sanction power on the Court because JRH has not shown a substantive right rooted elsewhere in the Code or in the law of civil contempt, which, Adell contends, is required.

Finally, Adell argues that his conduct of appealing the judgment and filing personal

bankruptcy do not come within the rule of the decision in *Chambers v. NASCO*. Adell contends that, contrary to the *Chambers* case, no fraud on any court has been asserted here and no violation of a court order has been established. Adell asserts that the order at issue was stayed by his commencement of the Florida bankruptcy case.

II.

JRH relies primarily on *Chambers v. NASCO* in support of its position that the Court has the inherent authority to sanction Adell for his abuse of the judicial process since the Court's issuance of its April 25, 2003 order.

In *Chambers*, the Supreme Court affirmed a district court's award of $996,644.65 in attorney's fees and litigation expenses for the defendant's series of meritless motions and pleadings and delaying actions. 501 U.S. at 38, 111 S. Ct. at 2129. In affirming the district court's resort to its inherent authority for that award, despite the availability of 28 U.S.C. § 1927 and Rule 11, the Court stated:

> We discern no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions for the bad-faith conduct described above. These other mechanisms, taken alone or together, are not substitutes for the inherent power, for that power is both broader and narrower than other means of imposing sanctions. First, whereas each of the other mechanisms reaches only certain individuals or conduct, the inherent power extends to a full range of litigation abuses. At the very least, the inherent power must continue to exist to fill in the interstices.

501 U.S. at 46, 111 S. Ct. at 2134.

The Supreme Court further noted that:

> There is, therefore, nothing in the other sanctioning mechanisms or prior cases interpreting them that warrants a conclusion that a federal court may not, as a matter of law, resort to its inherent power to impose attorney's fees as a sanction for bad-faith conduct. This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions. But neither is a federal court forbidden to sanction bad-faith conduct by means of the inherent power simply because that conduct could also be sanctioned under the statute or the Rules. A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees. Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

501 U.S. at 50, 111 S. Ct. at 2135-36.

The Court declines to sanction Adell, either pursuant to any inherent power it may have or pursuant to § 105. Contrary to JRH's assertion, the Court did not order Adell to pay JRH $6.413 million. The Court entered a judgment for that amount. A money judgment is not a court order. To the extent that Adell's conduct in the various courts warrants sanctions, JRH is free to seek redress in those courts.

NOT FOR PUBLICATION

**Entered: September 21, 2006**

                                                                                    /s/ Steven Rhodes
                                                                                     **Steven Rhodes**
                                                                                     **Chief Bankruptcy Judge**