United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
John Richards Homes Building Co., L.L.C.,            Case No. 02-54689-R
               Debtor.            Chapter 7
_____/

Opinion Regarding Honigman Miller Schwartz
and Cohn's Second Fee Application

This matter is before the Court on Honigman Miller Schwartz & Cohn's second application for fees and expenses. Kevin Adell filed an objection. The Court conducted a hearing on July 10, 2006, and took the matter under advisement.

I

In this application, HMS&C seeks fees of $1,500,919.75 and expenses of $212,054.29 for the period January 15, 2003 through February 28, 2006. The fees are requested pursuant to 11 U.S.C. § 303(i), which permits the Court to award attorney fees and expenses when an involuntary case is dismissed.

On April 25, 2003, this Court awarded damages to JRH, pursuant to § 303(i), in the amount of $6.4 million. This judgment included attorney fees of $313,230. The fees for which HMS&C now seeks reimbursement are for services related to post-judgment activities, including: executing on Adell's real and personal property, garnishment litigation, removal of a declaratory judgment action Adell filed in Florida, involvement in various actions in the Florida bankruptcy court, and appeals of this Court's judgment by Adell to the Eastern District of Michigan and the Sixth Circuit.

HMS&C also included in its fee application fees of other professionals, including: Lynn Griffith, local Florida counsel prior to Adell's Florida bankruptcy; Berman & Norton Berman, local counsel in the Adell Florida bankruptcy; Danning, Gill, Diamond & Kollitz, local California counsel; Stout Risius Ross; and Oscher Consulting.

Adell contends that the Court does not have jurisdiction to award additional fees to HMS&C because the case has been dismissed.

## II.

11 U.S.C. § 303(i) provides:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment--
>
> > (1) against the petitioners and in favor of the debtor for--
> >
> > (A) costs; or
> >
> > (B) a reasonable attorney's fee[.]

11 U.S.C. § 303(i)(1).

An award of attorney fees under § 303(i)(1) is intended to reimburse the debtor for expenses necessarily incurred in defending an involuntary petition. *In re Cannon Express Corp.*, 280 B.R. 450, 452 (Bankr. W.D. Ark. 2002). Courts have construed and applied § 303(i)(1) as a "fee-shifting" statute, designed to transfer the costs of litigating the action to the non-moving party. *See Keiter v. Stracka*, 192 B.R. 150, 160 (S.D. Tex. 1996). The awarding of fees and costs is not automatic, but is committed to the sound discretion of the court. *In re Val W. Poterek & Sons, Inc.*,

2

169 B.R. 896, 905 (Bankr. N.D. Ill. 1994).

Few cases have addressed the precise issue before the Court; that is, whether § 303(i)(1) authorizes the bankruptcy court to award fees and costs beyond those directly incurred in defending the involuntary petition.

In *In re Allen-Main Assoc., Ltd.*, 229 B.R. 577 (Bankr. D. Conn. 1999), the court addressed whether the debtor was entitled to a supplemental judgment under § 303(i)(1) for costs and attorney fees incurred in defending appeals of the dismissal of the involuntary and award of fees and costs. The court held that it did not have statutory authority to award such fees and no authority could be implied from § 303(i)(1). The court based its holding on decisions in the Ninth and Second Circuits wherein the courts held that:

> Bankruptcy Code § 523(d), which grants prevailing parties attorney's fees and costs, does not authorize the bankruptcy court to award such fees and costs on appeal. *See Vasseli v. Wells Fargo Bank* (*In re Vasseli*) 5 F.3d 351, 353 (9th Cir. 1993) ("We hold that while § 523(d) does authorize attorney's fees for the debtor, it does not grant the bankruptcy court authority to award attorney's fees to the debtor for appellate representation, and refuse to read the authority to award fees incurred on appeal into § 523(d). The appellate court, not the bankruptcy court, has the authority under Rule 38 to award damages for a frivolous appeal"); *AT&T Universal Card Services Corp. v. Williams* (*In re Williams*) 224 B.R. 523, 532 (B.A.P. 2d Cir. 1998) ("Code § 523(d) alone does not authorize the Bankruptcy Court to award attorney's fees for appellate representation." Bankruptcy Rule 8020 authorizes the bankruptcy appellate panel to award just damages and single or double costs to the appellee for a "frivolous" appeal.).

*Allen-Main*, 229 B.R. at 578-79 (footnotes omitted).

"The court can conceive of no reasonable basis to distinguish the rulings under § 523(d) from a ruling under § 303(i)." *Id.* at 579.

Likewise, the court in *In re Law Center*, 304 B.R. 136 (Bankr. M.D. Pa. 2003), adopted the approach of *In re Allen-Main* in denying the debtor's request for attorney fees and costs incurred in defending the bankruptcy court's dismissal order on appeal. *See also Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 709 (9th Cir. 2004) ("§301(i)(1), which expressly grants discretionary authority to award fees at the *trial level*, should not be construed to grant similar authority to award fees at the appellate level.").

There are a few courts that have allowed fees and costs on appeal. *See In re Atlas Machine & Iron Works, Inc.*, 190 B.R. 796, 802 (Bankr. E.D. Va. 1995); *In re Petrosciences Int'l, Inc.*, 96 B.R. 661, 665 (Bankr. N.D. Tex. 1988); *Advance Press & Litho, Inc.*, 46 B.R. 700 (Bankr. D. Colo. 1984). These cases, however, did not address the court's authority to award such fees and accordingly have little precedential value.

HMS&C not only seeks attorney fees and costs for the appeals, but for all fees and costs incurred trying to collect the judgment. HMS&C has offered no legal support for this request. In light of the caselaw to the contrary, the Court must deny its application for a second award of attorney fees and costs.

NOT FOR PUBLICATION

**Entered: September 21, 2006**

                                                          **/s/ Steven Rhodes**
                                                          **Steven Rhodes**
                                                          **Chief Bankruptcy Judge**